IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO.: 3:24-cr-103-DPJ-LGI-2

CHOKWE ANTAR LUMUMBA

## ORDER REGARDING DISCOVERY

This matter being considered on the motion of the United States Attorney for an Order regarding pretrial discovery and inspection, the Court finds and orders as follows:

1. Discovery and inspection is granted to the following extent:

    (a) The United States Attorney shall make available to defendant within thirty (30) days of this Order any evidence described in Fed.R.Crim.P. Rule 16(a)(1), which the United States Attorney intends to offer in evidence during its case in chief or as otherwise provided in Rule 16, and all information accumulated during investigation of this matter which constitutes Brady exculpatory material as soon as possible or as soon as discovered (with the exception that the United States Attorney is not required to produce the entire statement(s) of witnesses containing possible Brady material as defined by Section 3500, Title 18, United States Code, until such time as the United States Attorney produces Rule 26.2 and Section 3500(e) statements to defendant);

    (b) The United States Attorney shall provide to defendant at least five (5) calendar days prior to trial on the merits: (1) a list of prospective witnesses expected to be used in the United States Attorney's case in chief; (2) all statements of such witnesses as defined in Rule 26.2, Fed.R.Crim.P. and Section 3500(e), Title 18, United States Code, (except that if the defendant(s) has listed an expected United States Attorney witness as an expected defense witness,

then the United States Attorney has no obligation to provide a statement of the witness until just prior to direct examination of that witness by the United States Attorney in its case in chief); (3) the general nature of any evidence of other crimes, wrongs, or acts intended to be introduced at trial pursuant to Rule 404(b), Fed.R.Evid.; and (4) Giglio impeachment material of which the United States Attorney is aware; it being understood that the omission of a witness(es) from the list shall not result in excluding that witness from testifying, if the omission was not due to deliberate concealment by the United States Attorney, in which event the United States Attorney is required to notify defendant at the earliest opportunity of the name of the omitted witness; it being further understood that the Rule 404(b) notice may be provided during trial if the Court excuses pretrial notice on good cause shown;

(c) It is understood that the United States Attorney has a continuing duty to disclose as required by Fed.R.Crim.P. Rule 16(c).

2. (a) The defendant shall make available to the United States Attorney within thirty (30) days of this Order any evidence described in Fed.R.Crim.P. Rule 16(b)(1), which the defendant expects to introduce into evidence during the case in chief of either the United States Attorney or defendant;

(b) The defendant shall provide to the United States Attorney a list of prospective witnesses expected to be used in its case in chief, and all statements of those witnesses as that term is defined in Rule 26.2, Fed.R.Crim.P. and Section 3500(e), Title 18, United States Code, (except that if the United States Attorney has listed an expected defense witness as an expected United States Attorney witness, then the defendant has no obligation to provide a statement of the witness until just prior to direct examination of that witness during the defendant's case in chief), at least five (5) calendar days prior to trial on the merits; it being understood that

the omission of a witness(es) from the list shall not result in excluding that witness from testifying, if the omission was not due to deliberate concealment by the defendant, in which event the defendant is required to notify the United States Attorney at the earliest opportunity of the name of the omitted witness;

(c) It is understood that the defendant has a continuing duty to disclose as required by Fed.R.Crim.P. Rule 16(c).

3. In response to the United States Attorney's request for a protective order concerning any pretrial discovery, as provided in Rule 16(d), the request is granted to the additional extent:

(a) All statements of witnesses exchanged under this order between the various parties hereto, both the United States Attorney and defendant, are to be held and used by the attorneys solely for the purposes of cross-examination of the various witnesses, as contemplated by Rule 26.2, Fed.R.Crim.P. and Section 3500(b) and (c), Title 18, United States Code, and such statements are not to be shown to any person, including the witnesses (except during cross-examination), except the defendant or United States Attorney's representative, nor copied or reproduced in any manner, and upon completion of cross-examination of the particular witness, his/her statement is to be returned forthwith to the providing counsel. This provision does not prohibit a party from showing a witness that witness's statement in preparation for any hearing or trial;

(b) Any witness appearing on the witness list of either the United States Attorney or the defendant provided under this Order shall not be interviewed by the other parties at any time subsequent to the exchange of the witness lists between the parties, excluding those witnesses which were also on the original witness list of the providing party.

(c) All written or oral information provided by the parties to each other, both the United States Attorney and defendant, as required by Paragraphs 1 and 2 above, are to be held and used by the attorneys solely for purposes of preparation for and conducting the litigation herein, pre-trial hearings and trials; and such information is not to be given or shown to any person, nor copied or reproduced in any manner, except for the sole purposes of preparing for and conducting direct examination and cross-examination of witnesses at either pre-trial hearings or trials.

4. The materials required to be turned over by the parties pursuant to this Order shall be carried out at the office of the United States Attorney, either at Jackson or Gulfport; however, in the event of failure by a defendant to comply with his/her responsibilities to produce/provide under provisions of this Order, then the United States Attorney is relieved from the duty and responsibility to produce/provide.

5. Should defendant object to the provisions of this Order, such objections shall be made in writing to this Court within thirty (30) days of this Order; in such event the United States Attorney shall not be required to deliver witness statements except as specifically provided in Rule 26.2, Fed.R.Crim.P. and Section 3500, Title 18, United States Code, nor a witness list until the morning of trial on the merits, or as otherwise directed by the Court in its ruling on the defendant's objections.

ORDERED November 7, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

I acknowledge receipt of this Order:

_____  _____
Defendant                   Defense Counsel