UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:24-CR-103-DPJ-LGI

JODY E. OWNS II, ET AL.

ORDER

This criminal matter is before the Court regarding jury questionnaires and the currently sealed documents. On January 13, 2026, and February 17, 2026, the Court entered Orders sealing documents related to motions to dismiss. *See* Jan. 13, 2026 Text Order; Order [83]. Since then, the Court has discussed those Orders several times with counsel for the parties to determine when, and to what extent, docketed items can be unsealed. The Court now concludes that most of those matters should be unsealed either in full or with redactions.

Among the many concerns the sealing order addressed was the need to avoid further tainting the jury with pretrial publicity. The Court believes there remains a need to protect the parties' right to a fair trial before an unbiased jury. So, on May 11, 2026, the Court called a venire and distributed questionnaires to assess the extent to which the jury pool may already be influenced and to assist in jury selection. *See* Ex. A.

Although the use of questionnaires was discussed in open court on April 1, 2026, the jury call was not publicized. The Court, after weighing the public's right to a public trial against the parties' interest in a fair jury, concluded that publicizing the date could lead jurors who are not already tainted to research the case on the internet before answering the call. That would present an additional risk because the publicly available information about this case on the internet may

already include inaccurate information and content that would be inadmissible at trial.  All parties agreed with this approach.

As for the questionnaires, the responses will not be publicly released to protect the identities of those responding, promote candor, and avoid tampering by anyone who may learn that someone is now a prospective juror.  The results are therefore sealed, and no party may release or disclose any specific response or identity of a prospective juror without first receiving leave of Court.  A party may, however, share the results with attorneys, paralegals, or case agents who work on this case and are subject to the Court's jurisdiction to enforce this Order.  They may also share the results with jury consultants.  For the latter, the consultant must sign and return a copy of this Order to the Court (ex parte), acknowledging that he or she will be held in contempt if they violate it.  The parties may also discuss responses in the aggregate if necessary for filing or opposing a motion related to the jury.  For example, a party could indicate the percentage of respondents who gave a certain answer.  Obviously, no one, including the parties, may have any direct or indirect contact, either in person or through any other means, with a potential juror.

The questionnaire responses have been scanned and provided to the parties.  The parties are ordered to meet on June 8, 2026, at 9:30 a.m., to identify potential jurors who should be struck for cause or for other reasons (like qualifications or excuse).  They will also identify jurors for whom a pretrial ruling on those issues would be appropriate.  As to those individuals, the parties (all of whom were present and represented by counsel) waived any objection contending that a juror should have been brought in for additional questioning at trial before a ruling.  In other words, they consented to pretrial rulings for the individuals they identify based on the presently available information.  The parties must provide that list to the Court by June 9.  By

June 15, the parties are instructed to file supplemental briefing on the Government's motion to transfer venue [93], unless the Government withdraws that motion.

In addition to completing the questionnaire, the venire was given the standard instructions not to do any research about the case, not to discuss it, and to avoid pretrial publicity. While those instructions are not foolproof, the Court believes the balance between maintaining confidentiality and allowing public access has shifted. Some information must remain sealed. That includes the identities of certain witnesses and individuals who have a right to protection (such as confidential sources or innocent bystanders). It also includes grand-jury testimony that is not otherwise disclosed in what will be unsealed. A separate order will be entered on May 15, 2026, setting out those docketed materials that will be unsealed and those that will be re-filed with redactions (without seal).

As for exhibits, most will remain sealed for two reasons. First, the Court is required to conduct a line-by-line review with the parties. Having started that process with them, it is apparent that the docketed exhibits identify individuals who are entitled to protection, disclose grand-jury testimony, or otherwise contain information that should not be publicly disclosed. A careful review of this substantial record is therefore necessary, but that takes more time than is available before trial given the trial preparation that remains to be done by the parties and the Court. The Court therefore finds that the need for careful review outweighs the public's interest in an earlier release date. Second, while the jury has been properly instructed, releasing all materials does create a risk that some things will seep through. When the trial concludes, most exhibits will be unsealed either in full or with redactions. Some exhibits may be unsealed before then.

3

Finally, Exhibit 2 to Lumumba's Motion to Dismiss [100] will remain sealed because it contains grand-jury testimony.  *See* Fed. R. Crim. P. 6(e)(6).

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE