UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                              CRIMINAL NO. 3:24-CR-103-DPJ-LGI

JODY E. OWNS II, ET AL.

ORDER

This criminal matter is before the Court on Defendants Chokwe Antar Lumumba's and Aaron B. Banks's motions to sever [89, 96].  For the reasons stated below, the Court denies both motions.

I.      Facts and Procedural Background

On October 23, 2024, the grand jury charged Jody E. Owens II, Lumumba, and Banks in an 11-count indictment.  Indictment [3].  The counts include conspiracy, federal bribery, racketeering, wire fraud, money laundering, and false statements, though not each Defendant was charged with each count.  *Id.*

According to the indictment, from about October 16, 2023, to roughly May 23, 2024, Owens "conspired with" Lumumba, Banks, and others "to carry out a bribery scheme to enrich themselves."  *Id.* at 1.  The object of the alleged scheme was to collect bribes from developers (undercover federal agents) in exchange for city approval for a hotel project in downtown Jackson, Mississippi.  *Id.* at 22.  The Government alleges each Defendant used his position of authority "to benefit and enrich themselves through bribery."  *Id.*

II.     Standard of Review

Federal Rule of Criminal Procedure 8(b) allows joinder of multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or

transactions, constituting an offense or offenses."  But even if properly joined, defendants may still seek severance under Rule 14(a), which allows severance only when joinder "appears to prejudice a defendant or the government."  "Prejudice" means "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The Fifth Circuit has generally noted that "[p]ersons indicted together should be tried together, especially in conspiracy cases" such as this.  *United States v. Miranda*, 248 F.3d 434, 439 (5th Cir. 2001) (quoting *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir.1994)).  Indeed, "[j]oint trials play a vital role in the criminal justice system" as the Supreme Court noted in *Richardson v. Marsh*, 481 U.S. 200, 209 (1987).  Finally, even when prejudice exists, the defendant must show "the prejudice outweigh[s] the Government's interest in economy of judicial administration."  *United States v. Peterson*, 244 F.3d 385, 393 (5th Cir. 2001) (quotation marks and citation omitted).

III.    Analysis

A.    Lumumba Motion [89]

Lumumba asks the Court to sever this trial under either Rule 8(b) or Rule 14.  The Court has fully examined each argument he presented.  While it will not address every point, it finds that none would justify severing this conspiracy case.

1.    Rule 8(b) Violation

Lumumba makes three main arguments for finding the Government violated Rule 8(b): (1) his conduct is not part of the same series of acts or transactions as Owens and Banks, (2) he didn't participate in portions of the alleged conspiracy, and (3) the alleged conspiracy doesn't

exist because it is a rimless-wheel conspiracy.  *See* Lumumba Mot. [89] at 7–9.  The Government made meritorious arguments for each point in its response, *see* Gov't Resp. [117], but Lumumba seemed to abandon Rule 8 in his reply.  In any event, the Court will address his main points.

*Same series of acts or transactions.*  Lumumba generally argues that the acts he allegedly committed were not of the same series as those alleged against other co-defendants.  *See, e.g.*, Lumumba Mot. [89] at 6–8.  As noted, for joinder to be proper under Rule 8(b), defendants must have allegedly "participated in the same act or transaction, or in the same series of acts or transactions."

"Whether the counts of an indictment fulfill the 'same series' requirement is determined by examining the relatedness of the facts underlying each offense."  *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (quotation marks omitted).  "When the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper."  *Id.* at 1176–77 (quotation marks omitted).  But "[w]hen there is no substantial identity of facts or participants between the two offenses, there is no 'series' of facts under Rule 8(b)."  *Id.* at 1177 (quotation marks omitted).

This transaction requirement is "flexible."  *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990).  "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."  *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976).

Lumumba says no logical relationship exists here.  According to him, "alleged acts of offering and accepting benefits in exchange for securing future city council vote(s) to support the Developers' proposed development project and making willfully false statements to the Federal Bureau of Investigation lack the requisite substantial identity of facts in relation to the allegations

3

directed at Lumumba." Lumumba Mot. [89] at 6. But as the Government notes, "[t]he indictment describes a unified effort to secure approval of a specific development project through corrupt payments and influence over public officials." Gov't Resp. [117] at 4. The indictment also "alleges the common objective of the approval of the developers' project, a common intermediary in Owens, common participants, a common time frame, and a common method: bribery and influence in exchange for official action." *Id.* Lumumba offers no reply to this argument and no legal authority suggesting that these common aspects fail to create a "logical relationship." *Fortenberry*, 914 F.2d at 675.

Lumumba's other main argument for finding no series of acts is that Counts Two, Three, Six, and Eleven "have different participants and completely different overt actions." Lumumba Mot. [89] at 6. That's true, but it doesn't mean the claims are misjoined. The rule states that "[t]he defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b); *see also Harrelson*, 754 F.2d at 1177 (rejecting argument that defendant was misjoined under Rule 8 "because she was named in only one count of the indictment"); *see also id.* at 1177 n.19 (collecting cases).

***Timing of the alleged participation.*** Lumumba notes that his alleged involvement was months after Owens and others allegedly engaged in the bribery scheme. Lumumba Mot. [89] at 8–9. Even if true, the Fifth Circuit has rejected this argument. "As the plain language of Rule 8(b) provides, there is no requirement 'that each defendant have participated in the same act or acts.'" *United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012) (quoting *United States v. Krenning*, 93 F.3d 1257, 1266 (5th Cir. 1996) (rejecting misjoinder argument though defendant's participation was "well after" initial bribes)).

4

"The fact that an indictment does not charge each appellant with active participation in each phase of the conspiracy does not constitute misjoinder." *United States v. Lindell*, 881 F.2d 1313, 1318 (5th Cir. 1989), *cert. denied*, 496 U.S. 926 (1990). So even if Lumumba's alleged participation came "well after" Owens's initial conduct, Defendants are still properly joined because the indictment alleges a common series of acts or transactions to accept bribes in exchange for approval of the hotel development. *Krenning*, 93 F.3d at 1266.

**Rimless-wheel conspiracy.** In a similar vein, Lumumba says the charged conduct reflects a rimless-wheel conspiracy that cannot be joined under Rule 8. *See* Lumumba Mot. [89] at 9. As he puts it, "'without the rim of the wheel to enclose the spokes,' a single, wheel conspiracy cannot exist but instead is a series of multiple conspiracies between the common defendant and each of the other defendants." *Id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).

*Kotteakos* is a bad fit because it involved 32 defendants and up to eight separate conspiracies. 328 U.S. at 773. The Court noted that nothing "authorize[s] the Government to string together, for common trial, eight or more separate and distinct crimes, conspiracies related in kind though they might be, when the only nexus among them lies in the fact that one man participated in all." The present case is far less disparate.

And as the Government states in response, there is an alleged rim—"the shared objective: securing approval of the same development project through coordinated bribery efforts" led by Owens. Gov't Resp. [117] at 6. A single conspiracy may exist when a "key man" directs the illegal activities with a combination of people "toward a common goal." *United States v. Richerson*, 833 F.2d 1147, 1154 (5th Cir. 1987). In any event, the Fifth Circuit has "held that separate conspiracies with different memberships may be joined if they are part of the same

series of acts or transactions." *United States v. Toro*, 840 F.2d 1221, 1238 (5th Cir. 1988) (citing *Harrelson*, 754 F.2d at 1176).

In sum, Lumumba may have abandoned his Rule 8 arguments by failing to reply to the Government's legal authority and failing to address Rule 8 in his rebuttal. Even if he didn't, Defendants are properly joined under Rule 8(b).

> 2.    Rule 14 Severance

Even if properly joined under Rule 8, defendants may still seek severance under Rule 14. That rule states, "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim P. 14(a). Lumumba argues that severance is necessary because a joint trial would: (1) violate his Sixth Amendment confrontation rights; (2) create serious risk of prejudice based on the co-defendants' conflicting theories; and (3) create a prejudicial spill-over effect. Lumumba Mot. [89] at 12–18.

***Confrontation Clause.*** Lumumba notes that the Government will likely introduce recorded statements from Owens that could incriminate Lumumba, but Lumumba would have no opportunity to cross-examine Owens about those statements. *Id.* at 12. He believes this would violate his Sixth Amendment confrontation rights as addressed in *Bruton v. United States*, 391 U.S. 123 (1968) and *Gray v. Maryland*, 523 U.S. 185 (1998). *Id.*

The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with witnesses against him." U.S. Const. amend. VI. "[T]he principal evil at which the Confrontation Clause was directed was the . . . use of ex parte examinations as evidence against the accused." *Crawford v. Washington*, 541 U.S. 36, 50 (2004). In *Bruton*, the Supreme Court recognized a Confrontation Clause violation when a defendant's

confession expressly implicates a co-defendant. *See* 391 U.S. at 135–37. *Gray* held that written statements redacting the defendant's name could still fall within *Bruton*. 523 U.S. at 197.

But those cases were not the Supreme Court's final word on the Confrontation Clause. In *Crawford*, the Court held that the Sixth Amendment "only bars out-of-court statements that are testimonial." *United States v. King*, 541 F.3d 1143, 1145 (5th Cir. 2008) (citing *Crawford*, 541 U.S. at 56). Along these lines, the Fifth Circuit has noted that "[s]tatements made by a co-conspirator during the course and in furtherance of a conspiracy [i.e., statements under Federal Rule of Evidence 801(d)(2)(E)] are by their nature generally nontestimonial and thus are routinely admitted against an accused despite the absence of an opportunity for cross-examination." *United States v. Holmes*, 406 F.3d 337, 348 (5th Cir. 2005); *see id.* at 348 n.16 (collecting cases); *see also United States v. Vasquez*, 766 F.3d 373, 378–79 (5th Cir. 2014) (collecting cases holding that *Bruton* does not apply to nontestimonial out-of-court statements). This is true even when a co-conspirator's statements are recorded and "presented by the government for their testimonial value." *King*, 541 F.3d at 1146 n.3 (citing *Crawford*, 541 U.S. at 51–52) (finding co-conspirator's recorded statements nontestimonial because they were nontestimonial when said).

The Government contends that the out-of-court statements Lumumba relies on to seek severance are nontestimonial and therefore beyond *Bruton*'s scope. Gov't Resp. [117] at 7. Lumumba never suggests otherwise in his reply, and he never addresses *Crawford*. *See* Lumumba Reply [147] at 5. He instead argues that the statements might not be admissible under Rule 801(d)(2)(E) if the Government fails to prove by a preponderance of the evidence that he "joined the compiracy(ies) alleged in the indictment." *Id.* at 2–3. But that's an evidentiary

argument that must be addressed at trial.  It does not alter the nontestimonial nature of the statements, and Lumumba offers no analysis explaining how it implicates his Rule 14 motion.

Based on the indictment, Owens's statements to undercover agents (who he thought were project developers) were spoken during the course and in furtherance of the bribery conspiracy, meaning the statements "are by their nature generally nontestimonial."  *Holmes*, 406 F.3d at 348.  They therefore "fall outside of the *Bruton* rule" and its progeny such as *Gray*.  *United States v. George*, No. 17-201, 2019 WL 4194526, at *6 (E.D. La. Sept. 4, 2019).

***Risk of prejudice.***  Lumumba notes that Owens attached an FBI report to his motion to dismiss that included unfavorable comments about Lumumba.  Lumumba Mot. [89] at 15–16.  "The key concern is whether Owens's defense will inject irrelevant, inflammatory, and prejudicial material against Lumumba amid the pressures of a jury trial, given that it has already done so deliberately when such pressures did not exist."  *Id.* at 16.[1]

"The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"  *McRae*, 702 F.3d at 821 (quoting *Zafiro*, 506 U.S. at 537).  "It is the rule, therefore, not the exception, that 'persons indicted together should be tried together, especially in conspiracy cases.'"  *Id.* (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)).  This remains true even when prejudice exists because "Rule 14 does not require severance *even if prejudice is shown*."  *Zafiro*, 506 U.S. at 538–39 (emphasis added).

---

[1] Some of the materials discussed in this motion are currently under seal.  While the seal may be lifted as to some, the Court provides a generic description at this point but will note that it has fully considered the exhibit Lumumba cites.

Lumumba has not shown the degree of conflict that would require severance.  In *Zafiro*, the Supreme Court rejected the argument that severance is mandated "whenever codefendants have conflicting defenses."  *Id.* at 538.  To obtain severance, defenses must be "antagonistic." *United States v. Rocha*, 916 F.2d 219, 231 (5th Cir. 1990).  Lumumba has not argued that the defenses are antagonistic, nor are they.  *See infra* § III(B) (considering Banks's antagonistic-defenses argument).  And to the extent that Lumumba fears Owens may say or do something at trial casting him in a negative light, that's speculative at this point.  Plus, the Rules of Evidence will still apply if Owens attempts to offer inadmissible evidence, including evidence precluded under Rule 403.

**Spillover effect.**  Lastly, Lumumba argues that Owens is the more culpable co-defendant, noting Owens made deplorable statements in the recorded conversations with the undercover agents, and thus any association with him will result in a spillover effect that will prejudice Lumumba.  *See* Lumumba Mot. [89] at 17–19.

To be successful, a defendant's spillover-effect argument must pinpoint both a quantitative and qualitative evidentiary disparity.  *Harrelson*, 754 F.2d at 1175; *id.* at 1178 n.21 (finding "quantitative disparity alone is insufficient to justify severance under Rule 14," meaning there must also be qualitative disparity).  Defendants generally struggle to show this because "severance is required on the basis of a disparity in the evidence only in the most *extreme* cases." *Rocha*, 916 F.2d at 229.  This heavy burden exists because severance hinges on "whether the jury could sort out the evidence reasonably and view each defendant and the evidence relating to that defendant separately."  *United States v. Merida*, 765 F.2d 1205, 1219 (5th Cir. 1985).

Lumumba has not met this heavy burden.  To begin, a quantitative disparity—assuming there is one—is not enough.  *See Harrelson*, 754 F.2d at 1175.  Nor has he offered sufficient

qualitative disparity.  He worries about the "many vulgar and amoral statements" Owens made. Lumumba Mot. [89] at 18.  But the Court believes under these circumstances—and with only three defendants—the jury will be able to keep the facts straight and follow the instruction to consider the defendants separately.  *See Harrelson*, 754 F.2d at 1174–75 (finding qualitative disparity not sufficiently extreme when co-defendant had prior criminal record, reputation as murderer for hire, and "extraordinarily unsavory character").  Lumumba did not reply to the Government's arguments on this point.[2]

The Court acknowledges that there could be prejudice depending on the way the parties present their cases.  But even when prejudice exists, the defendant must show "the prejudice outweigh[s] the Government's interest in economy of judicial administration."  *Peterson*, 244 F.3d at 393.  That hasn't happened.  Also, Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."  *Neal*, 27 F.3d at 1046.  The Court finds that proper instructions to separately judge the Defendants when coupled with the standard conspiracy instructions will provide "adequate protection."  *United States v. Rodriguez*, 831 F.3d 663, 669 (5th Cir. 2016).  "[I]t is presumed that juries follow the instructions the court gives them."  *United States v. Owens*, 683 F.3d 93, 99 (5th Cir. 2012) (citation omitted).  Thus, Lumumba's motion to sever [89] is denied.

B.     Banks Motion [96]

Shifting to Banks, he makes no Rule 8 arguments, focusing instead on severance under Rule 14.  First, Banks says Owens's entrapment defense is "factually and legally antagonistic,"

---

[2] Even in separate trials, it would be impossible to separate Lumumba's case from facts about Owens because their alleged conduct overlaps.  The quantity of evidence regarding Owens might be different in separate trials, but Lumumba's association with Owens as part of this alleged conspiracy would still be an issue the jury would hear.

so it would prevent Banks from receiving a fair trial.  Banks Mot. [96] at 1–2.  Second, he argues

that Owens's entrapment argument would "create a highly prejudicial spillover effect" on his

own defenses.  *Id.* at 2.  Neither argument overcomes the policy reasons for a joint trial in this

conspiracy case.[3]

              1.      Entrapment

Banks claims Owens's entrapment defense "is very factually and legally antagonistic"

and "clashes with [his] defense of actual innocence."  *Id.* at 1–2.  This argument is too

speculative to sever Banks from this trial.

"Clearly, a co-defendant's reliance on a theory of entrapment cannot of itself justify

reversing a trial court decision not to sever."  *United States v. Salomon*, 609 F.2d 1172, 1175 (5th

Cir. 1980) (citing *United States v. Eastwood*, 489 F.2d 818, 822 (5th Cir. 1973)).  "Rather, a

'defendant must demonstrate that the defenses are antagonistic to the point of being mutually

exclusive.'"  *Id.* (citing *United States v. Marable*, 574 F.2d 224, 231 (5th Cir. 1978)).  In other

words, the defenses must be "so diametrically opposed that the jury, in order to believe the core

of testimony offered on behalf of one defendant, must necessarily disbelieve the testimony

offered on behalf of his co-defendant."  *United States v. Daniels*, 281 F.3d 168, 177 (5th Cir.

2002) (cleaned up).

Banks has not made that showing.  First, he says he will assert "actual innocence."

Banks Mot. [96] at 2.  But he never says why he's innocent.  That's his prerogative, but without

knowing the core of his defense, there is no way to know whether the jury would have to reject it

to accept Owens's entrapment defense.  *See Marable*, 574 F.2d at 231 (finding no antagonistic

defenses when only one defendant asserted a defense); *United States v. Kane*, 887 F.2d 568, 572

---

[3] The Government opposed Banks's motion, *see* Gov't Resp. [116], but Banks filed no reply.

(5th Cir. 1989) (same); *see also United States v. Valdez*, No. B-06-477-05, 2006 WL 2091006, at *3 (S.D. Tex. July 25, 2006) ("Without [the defendant's defense], any argument that the defenses are mutually antagonistic to the point of warranting severance cannot be more than mere speculation . . . .").

Second, Banks worries that Owens might concede an illegal bribery scheme and limit his defense to entrapment.  Banks Mot. [96] at 5.  But the entrapment defense does not require him to do that.  *See Mathews v. United States*, 485 U.S. 58, 65–66 (1988).  As Banks correctly notes, Owens could "elect to travel on the theory that the crimes charged, including the jointly charged crimes such as conspiracy and the bribery counts, were not . . . **_or were_** . . . committed in this case."  Banks Mot. [96] at 5.  So, the potentially prejudicial arguments Banks fears remain speculative.

Third, if Owens does concede that he committed the alleged acts, that doesn't necessarily mean the jury would have to find that Banks committed a crime.  *See* Gov't Resp. [116] at 4.  "The fact that a defendant admits that he is guilty of conspiracy does not necessarily create a conflict between the core of defenses with a co-defendant who maintains that he is not a member of the conspiracies."  *Kane*, 887 F.2d at 572 (citing *United States v. Bruno*, 809 F.2d 1097 (5th Cir.), *cert. denied*, 481 U.S. 1057 (1987)) (affirming order denying severance despite co-defendant's entrapment defense).

Banks has not shown a mutually antagonistic defense.  But even if he had, "[m]utually antagonistic defenses are not prejudicial per se[, and] . . . Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."  *Zafiro*, 506 U.S. at 538–39.  "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."  *Id.* at 539.

12

2.      Spillover Effect

According to Banks, Owens's entrapment defense "opens the floodgates" to evidence related only to the Government's case against Owens.  Banks Mot. [96] at 6.  And this "would certainly hijack and supplant the procedural and evidentiary rules' standard protections for [him] and Mr. Lumumba."  *Id.* at 7.  Banks offers examples, but the Court finds that they do not require severance.

For instance, Banks notes Owens's motion to dismiss based on outrageous government conduct, *id.* at 4, arguing that evidence related to Owens's defenses might overwhelm the trial, *id.* at 7.  But the Court rejected Owens's motion to dismiss, Order [161], and granted the Government's motion in limine to preclude any evidence or arguments about outrageous government conduct, Order [163].  The Court has also ruled in limine that Defendants may not address the Government's motives for bringing the charges.  *Id.*  In other words, some issues Banks fears have been excluded.

Banks also says he would have "no ability to cross-examine Owens because of Owens'[s] assertion of his rights not to testify under the 5th Amendment, yet Owens'[s] attorneys would have the right to say the alleged crimes were committed, but that their client was entrapped."  Banks Mot. [96] at 7.  The Fifth Circuit rejected a similar argument in *Kane*:  "Any direct comment on the existence of a conspiracy made in support of McCraw's defense was propounded by counsel" and "statements made by counsel are not evidence at trial."  887 F.2d at 572 (noting jury was instructed that attorney comments are not facts, and court "presumes the jury heeded these instructions").

To the extent there may be more evidence about Owens's defense, the Fifth Circuit has repeatedly found evidentiary disparities unpersuasive when considering motions to sever.  *See*

13

Gov't Resp. [116] at 6 (citing *Rocha*, 916 F.2d at 228–29; *Harrelson*, 754 F.2d at 1175). It may also be true that the entrapment defense could prompt the Government to offer Rule 404(b) evidence against Owens. Banks Mot. [96] at 6. The Court has not seen that evidence and does not pre-judge its admissibility. But given the intent element of these offenses, it is at least possible that Rule 404(b) materials would be offered against all Defendants whether entrapment is pursued or not.

Of course, Rule 404(b) evidence about Owens (and perhaps other evidence relevant only to him) would not be admitted if the trials were separated. So Banks notes that he and Lumumba will be "caught in the crosshairs with no evidentiary rules to shield them" from the "floodgates" of otherwise inadmissible evidence. Banks Mots. [96] at 6. This may be true—as it is in most conspiracy trails—at least as to evidence that does not implicate Defendants other than Owens. But even so, it does not overcome the "heavy presumption" favoring joinder. *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018). "Generic allegations of prejudice will not suffice, for 'neither a quantitative disparity in the evidence nor the presence of a spillover effect requires a severance.'" *Id.* (quoting *United States v. Krout*, 66 F.3d 1420, 1430 (5th Cir. 1995)).

As with Lumumba's motion, limiting instructions will be necessary and will be given. But the Court denies Banks's motion to sever.

IV.    Conclusion

The Court has considered all arguments. Those not specifically addressed would not have altered the result. For the reasons stated above, Defendants have not shown that this is one of the rare cases when alleged co-conspirators should be tried separately. Nor have they demonstrated that any prejudice they have identified "outweigh[s] the Government's interest in

14

economy of judicial administration." *Peterson*, 244 F.3d at 393.  The Court therefore denies both

motions to sever [89, 96].

       **SO ORDERED AND ADJUDGED** this the 14th day of May, 2026.

                                 s/ *Daniel P. Jordan III*
                                 UNITED STATES DISTRICT JUDGE